UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN STEPHEN LOWERY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:23CV951 |
| | ) | 1:22CR29-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Adrian Stephen Lowery, a federal inmate, brings a Motion [Doc. #121] to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was charged in a Superseding Indictment [Doc. #33] with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He subsequently pled guilty to that count and was sentenced to 71 months of imprisonment and three years of supervised release. Petitioner did not file a direct appeal, but instead later filed his Motion under 28 U.S.C. § 2255. The Government filed a Response [Doc. #126] along with a Motion [Doc. #123] seeking an extension of time to file the Response. The Court will grant the extension. Despite being advised of his right to do so, Petitioner did not file a Reply. His Motion is now before the Court.

Claims

Petitioner's Motion raises two claims for relief. In his first claim, Petitioner argues that his attorney provided ineffective assistance of counsel because he failed to inform Petitioner about the cases of New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022)[1], and Rehaif v. United States, 139 S. Ct. 2191 (2019). Petitioner's second claim is a substantive claim that under these and other cases, § 922(g)(1), his statute of conviction, is unconstitutional because it violates the Second Amendment of the United States Constitution.

Discussion

As just stated, Petitioner's first claim for relief alleges ineffective assistance of counsel because his attorney failed to advise him about Bruen and Rehaif. In order to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by that performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the performance prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). In considering such a contention, the Court reviews counsel's

---

[1] Petitioner actually cites to the case of "US v. Bruen 20-843 3rd Cir." but that citation does not match any case in the Third Circuit. Further, New York State Rifle & Pistol Ass'n, Inc. v. Bruen, which was decided by the United States Supreme Court, had the case number 20-843 in the Supreme Court and deals with the Second Amendment. Therefore, it appears that Petitioner's citation is mistaken and he actually intends to rely on Bruen from the Supreme Court.

2

conduct with a "deferential eye" and "presume[s] that challenged acts are likely the result of a sound trial strategy." Id. With respect to the prejudice prong of Strickland, to show prejudice the petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation omitted). Here, Bruen was decided in June of 2022, which was after Petitioner was indicted, but before he pled guilty on August 5, 2022. Therefore, if that case provided Petitioner with an avenue to challenge his charge as unconstitutional, it was available for his attorney to use it for that purpose. However, counsel raised no such challenge despite the fact that some defendants around the country did so shortly after the decision in Bruen. See, e.g., United States v. Young, 639 F. Supp. 3d 515, 525 n.2 (W.D. Pa. 2022) (citing cases). This does not amount to ineffective assistance of counsel. The law was far from certain at the time and counsel had to weigh the possibility of a successful argument against the possibility that pursuing it could result in a longer sentence for Petitioner if he chose not to plead guilty in order to pursue an argument under Bruen. That case invalidated a particular state licensing scheme for handguns which applied to persons not convicted of felonies. It did not invalidate § 922(g)(1) or a similar law. Further, the uncertainty was increased by the fact that three Supreme Court justices dissented from the Bruen opinion altogether and two others explicitly stated in a concurring opinion that the decision did not cast doubt on laws prohibiting the possession of firearms by felons. Bruen, 597 U.S. at 80 (Kavanaugh concurring). In light of those factors, even though Petitioner could have potentially raised a Bruen challenge to his

3

indictment, a decision by counsel not to advise Petitioner to pursue such a challenge would have been reasonable.

Further, even if the decision to forego a Bruen challenge could constitute deficient performance by counsel, Petitioner was not prejudiced. Following briefing in this case, the United States Court of Appeals for the Fourth Circuit considered various arguments challenging the facial constitutionality of § 922(g) and concluded that "[n]o matter which analytical path we choose, they all lead to the same destination: Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least *some* 'set of circumstances.'" United States v. Canada, 123 F.4th 159, 162 (4th Cir. 2024) (quoting Washington State Grange v. Washington State Republican Party, 552 U.S. 442, 449 (2008)). "That ends this facial challenge." Id. at 162. The same would have been true for any facial challenge raised by Petitioner.

Any as-applied challenge raised by counsel would have also failed because the Fourth Circuit recently rejected those challenges to § 922(g)(1) as well. United States v. Hunt, 123 F.4th 697 (4th Cir. 2024). In Hunt, the court first noted that prior Fourth Circuit precedent did not allow as-applied challenges to § 922(g)(1) "'unless the [predicate] felony conviction is pardoned or the law defining the [predicate] crime of conviction is found unconstitutional or otherwise unlawful.'" Id. at 700 (quoting Hamilton v. Pallozzi, 848 F.3d 614, 626 (4th Cir. 2017)). Petitioner does not contend in the present case that he was pardoned or that the statute of conviction for his prior felony was unconstitutional or unlawful. The Fourth Circuit in Hunt concluded that Bruen and related cases did not overrule that prior precedent. Id. at

4

704.  Further, the Fourth Circuit held that even if the prior cases were overruled, Bruen and the related cases still did not allow for as-applied challenges to § 922(g)(1).  Id. at 708.  For the reasons set out in Hunt, any as-applied challenge raised by counsel would have been futile.  This means that Petitioner's attorney did not prejudice him by not discussing Bruen with him or by failing to raise a claim based on that case.

As for Rehaif, the Supreme Court held in that case that to convict a party under 18 U.S.C. § 922(g) the Government must allege and prove the defendant knew he possessed a firearm and that he knew he was a convicted felon at that time.  Rehaif, 588 U.S. at 237.  Petitioner's Superseding Indictment specifically alleges that he had been convicted of a crime punishable by imprisonment for a term of one year, with knowledge of that conviction.  The Factual Basis [Doc. #27] supporting Petitioner's guilty plea also contained a statement that Petitioner had previously been convicted of being a felon in possession of a firearm in 2018, was sentenced to 30 months imprisonment, and was aware of his felony conviction.  It is not clear what Petitioner believes his attorney should have told him about Rehaif, but it is clear that the case could not have impacted his guilty plea.

For all of these reasons, Petitioner's attorney did not provide ineffective assistance and Petitioner's first claim for relief should be denied.

Petitioner's second claim is that his conviction is invalid because Bruen, Rehaif, and other cases render § 922(g)(1) unconstitutional based on the Second Amendment.  As discussed above, recent and binding Fourth Circuit precedent affirms the current

5

constitutionality of § 922(g)(1). This means that Petitioner's second claim for relief is also without merit and should be denied.

IT IS THEREFORE ORDERED that Respondent's Motion [Doc. #123] seeking an extension of time to file its Response is granted, and the Response is timely filed.

IT IS RECOMMENDED that Petitioner's Motion [Doc. #121] to vacate, set aside, or correct sentence be denied, that this action be dismissed, and that, there being no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability not issue.

This, the 12th day of February, 2025.

　　　　　　　　　　　　　　　　　　　／s／ Joi Elizabeth Peake
　　　　　　　　　　　　　　　　　　　Joi Elizabeth Peake
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge